# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ESCOBEDO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DANNY SONOUVONG, *doing business as AC Deli*, et al.,<br><br>　　　　Defendants. | Case No. 1:24-cv-00932-KES-SAB<br><br>ORDER DISREGARDING PLAINTIFF'S FIRST AMENDED COMPLAINT AND VACATING HEARING ON DEFENDANTS' MOTION REGARDING SUPPLEMENTAL JURISDICTION<br><br>(ECF Nos. 22, 14, 15) |

On August 9, 2024, Plaintiff commenced this action alleging denial of the right to access under the Americans with Disabilities Act ("ADA") along with accompanying state law claims. (ECF No. 1.) Initially, Defendants did not appear, and the Clerk of the Court entered an entry of default as to each Defendant. (ECF Nos. 8, 9.) However, Defendants eventually appeared, and the parties stipulated to set aside the entries of default. (ECF No. 12.) The Court granted the request and directed Defendants to file an answer or to otherwise respond to the complaint within ten days. (ECF No. 13.) On January 17, 2025, Defendants filed, pursuant to Federal Rule of Civil Procedure 1 and the inherent powers of the Court, a motion for a court order declining to exercise supplemental jurisdiction over Plaintiff's state law claims or, in the alternative, an order to show cause to effectuate the same. (ECF No. 15, p. 4.)

The Court found the motion to be neither an answer nor responsive pleading, pursuant to Federal Rule of Civil Procedure 12(b). (ECF No. 16.) Therefore, the Court issued an order to

show cause ordering Defendants to file an answer or a responsive pleading within seven days along with an explanation. (Id.) On January 28, 2025, Defendants filed an answer, and the Court subsequently discharged the order to show cause. (ECF Nos. 17, 20.)

On January 31, 2025, Plaintiff filed an opposition to Defendants still pending motion regarding the exercise of supplemental jurisdiction and indicated that Plaintiff was construing the motion as a Rule 12(b) motion. (ECF No. 21.) Thus, Plaintiff stated that he believed he could and indeed intended to file a first amended complaint as a matter of course, pursuant to Rule 15(a)(1)(B). (ECF No. 21.) On February 3, 2025, Plaintiff filed an amended complaint. (ECF No. 22.)

The Court begins by discussing the first amended complaint. Though it is unclear to the Court as to the valid procedural mechanism Defendants are attempting to invoke in order to have a court review the issue of whether to exercise supplemental jurisdiction, Defendants were clear that they were moving pursuant to Rule 1 and the Court's inherent powers, which the Court explicitly recognized in its order to show cause. (ECF No. 16.) Only underscoring the Court's observation is Defendants' compliance with the order to show cause by filing an answer. (ECF No. 17.) Therefore, Plaintiff construing Defendants' supplemental jurisdiction motion as a motion pursuant to Rule 12(b) is misplaced. And because Defendants have answered, Plaintiff "may amend [his] pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Accordingly, at this time, the Court will disregard Plaintiff's first amended complaint.

The Court next turns to the issue of Defendants' motion regarding whether the Court should exercise supplemental jurisdiction over state law claims. Notwithstanding the uncertain legal authority for bringing such a motion, the Court finds that the relief Defendants seek would be dispositive of Plaintiff's state law claims. (ECF Nos. 14, 15.) Therefore, Defendants' motion was improperly set before a magistrate judge. L.R. 302(a). Therefore, the Court will vacate the hearing on this matter.

///

///

In light of the foregoing, the Court hereby ORDERS that:

1. Plaintiff's first amended complaint is DISREGARDED (ECF No. 22); and
2. The March 5, 2025 hearing on Defendants' motion regarding the exercise of supplemental jurisdiction (ECF Nos. 14, 15) is VACATED as improperly set before a magistrate judge.

IT IS SO ORDERED.

Dated: **February 4, 2025**

STANLEY A. BOONE
United States Magistrate Judge